## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 16-12486** |
| | : | |
| **CRESCENT CITY SCAFFOLD, LLC** | : | **SECTION "B"** |
| | : | |
| | : | |
| **DEBTOR** | : | **CHAPTER 7** |

| | | |
|---|---|---|
| **DAVID V. ADLER, TRUSTEE** | : | |
| **PLAINTIFF** | : | **ADVERSARY NO.__** |
| | : | |
| **V.** | : | |
| | : | |
| **ORRILL & BEARY, LLC a/k/a** | : | |
| **BEARY & OAKES, LLC** | : | |

### COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes David V. Adler, Trustee ("Trustee" or "Plaintiff") who respectfully represents:

### Background and Parties

1.     The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2016.

2.     David V. Adler is the duly appointed and acting Chapter 7 trustee of the Debtor's bankruptcy estate.

3.     Made Defendant herein is Orrill & Beary, LLC a/k/a Beary & Oaks, LLC (the "Defendant"), a Louisiana entity that is subject to the personal jurisdiction of this Court. *See Federal Rule of Bankruptcy* 7004(b)(3), 7004(d), and 7004(f).

### Jurisdiction and Venue

4.     This Court has jurisdiction over this adversary proceeding in that this adversary

- 1 -

proceeding arises under and in Title 11 of the United States Code in the bankruptcy proceedings of the Debtor being administered as Case No. 16-12486 "B" on the docket of this Court.

5.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). This proceeding has been brought in accordance with FRBP 7001 and 7004.

### Factual Background

6.     On October 12, 2016, after the Petition Date, Debtor transferred $10,335 to the Defendant ("Post-Petition Transfer").

7.     The Post-Petition Transfer was made to pay-off amounts owed to the Defendant for legal fees and expenses that were performed prepetition.

8.     Defendant was counsel for Debtor and had knowledge that the bankruptcy case was pending when they accepted the Post-Petition Transfer.

9.     The Post-Petition Transfer was not authorized by this Court or by the Bankruptcy Code.

### Count I - To Recover Post-Petition Transfer to 11 U.S.C. § 549

10.    The Trustee repeats and re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

11.    By reason of the foregoing, the Post-Petition Transfer is avoidable pursuant to 11 U.S.C. § 549, and Defendant is liable as initial transferee under 11 U.S.C. § 550.

3252234-1

Respectfully submitted,

CHAFFE McCALL, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075


By: _/s/ Fernand L. Laudumiey, IV_
    David J. Messina, #18341
    Fernand L. Laudumiey, IV, #24518
Attorneys for David V. Adler, Trustee

**Please Issue Summons To:**

Orrill & Beary, LLC a/k/a
Beary & Oaks, LLC
Attn.: R. Ray Orrill, Jr. (Registered Agent)
330 Carondelet Street
New Orleans, LA 70130

3252234-1